**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND MILLER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE VEITENGRUBER, III, ESQ., *et al.*,<br><br>Defendants. | Civil Action No. 22-130 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court upon Plaintiffs Raymond Miller and Bonnie Miller's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) (ECF. No. 11.). Rather than oppose the Motion for Default Judgment, Defendants George Veitengruber, III, Esq. and Veitengruber Law, LLC filed a Motion to Set Aside Default under Federal Rule of Civil Procedure 55(c). (ECF No. 15). In support of the Motion, Defendants filed an unsworn affidavit. (Def. Aff., ECF No. 15-1). Plaintiffs filed an Opposition to the Motion to Set Aside Default (Opp'n Br., ECF No 16) and Defendants filed a Reply (Reply Br., ECF No. 18).

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' Motion for Default Judgment will be DENIED, and Defendants' Motion to Set Aside Default will be GRANTED.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of a contractual dispute between the parties regarding Defendants' legal representation of Plaintiffs.  Plaintiffs Raymond Miller and Bonnie Miller ("Plaintiffs" or "Millers") are residents of Florida. (Compl. ¶ 1.)  Defendant George Veitengruber, III, Esq. is a licensed attorney in New Jersey, and Defendant Veitengruber Law, LLC (hereinafter referred to collectively as "Veitengruber" or as "Defendant") is a New Jersey limited liability company practicing law in the State of New Jersey. (Compl. ¶ 2, 3.)

On or about January 24, 2018, Wells Fargo commenced a foreclosure action against the Millers' condominium. (Compl. ¶ 7.)  The Millers hired Veitengruber to represent them in the foreclosure action, in a related bankruptcy proceeding, and to sell the Property. (Compl. ¶ 8.)  In January 2019, the Miller's property was conveyed to NSHR5, LLC in a Sheriff's sale.  However, Veitengruber negotiated a settlement agreement with NSHR5, LLC to return the property to the Millers. (Compl. ¶ 9; Settlement Agreement, attached as Ex. A to the Complaint, ECF No. 1-1; Def. Aff. ¶ 5 ECF No. 15-2.)  According to the conditions of the settlement agreement, Veitengruber, on behalf of the Millers, was required to wire $100,000.00 to Ragan & Ragan, P.C. ("Ragan"), the attorneys for NSHR5, LLC, on or before noon of March 2, 2020, and $57,077.18 on or before April 1, 2020. (Settlement Agreement ¶ 1.)  Additionally, alongside the first payment, Veitengruber was to execute a Consent Order to facilitate the return of surplus funds totaling $52,652.34. (*Id.* ¶ 2.)  Under the settlement agreement, failure to timely execute any of the payment provisions within 10 days of demand would result in a default with no right to cure. (*Id.* ¶ 3.)

On March 2, 2020, Ragan received $100,000.000 from Veitengruber. (Compl. ¶ 16.)  On March 17, 2020, the Millers sent Veitengruber the funds for the second payment to be paid on April 1, 2020. (Compl. ¶ 15.)  On March 16, 2020, Ragan sent a demand email to Veitengruber

requesting execution of the Consent Order, and the second payment.  (Ex. B.)  On the same day
— March 16, 2020 — almost all of Veitengruber's New Jersey business and his office went fully
remote due to Covid-19.  (Def. Aff. ¶ 6.)  The office's switch to remote work delayed the second
payment of $57,077.18 by two weeks.  (Def. Aff. ¶ 8.)  Consequently, on April 2, 2020, Ragan
filed a request for an Order of Dismissal with prejudice and certification because Veitengruber (1)
had not executed the Consent Order, (2) failed to pay the second payment by April 1, 2020, and
(3) did not comply within ten days of the March 16, 2020 demand email. (Compl. ¶ 17–18).  On
April 14, 2020, Ragan terminated the settlement agreement, and the Miller's condominium was
sold on January 12, 2021.  (Ex. D; (Compl. ¶ 21).)  Veitengruber did not receive notice of the sale
of the property until April 2021, and the Millers did not receive notice of the terminated settlement
agreement or the selling of their property.  (Def. Aff. ¶ 8; Compl. ¶¶ 21–22.).

On January 11, 2022, the Millers filed a Complaint alleging legal malpractice and breach
of contract. (ECF No. 1.) On January 19, 2022, Veitengruber was served with the Complaint and
Summons. (ECF. No. 5-1.) On February 1, 2022, Plaintiffs filed proofs of service. (ECF Nos. 3,4)
Veitengruber's response to the complaint was due February 9, 2022.  No response was filed.  On
February 16, 2022, Plaintiffs requested entry of default for failure to plead or otherwise defend.
(ECF No. 5.) On February 17, 2022, the clerk entered default against Veitengruber. *Id.*  Following,
on February 23, 2022, Plaintiffs filed a Motion for Default Judgment against Veitengruber, but the
Motion was denied without prejudice because the submitted proofs of service did not show which
summonses were served. (ECF Nos. 7, 8.)  Plaintiffs were instructed to refile. *Id.*

Plaintiffs filed a new Affidavit of Service that reflected which summonses were served,
served the letter order denying the initial motion for default judgment, and refiled their Motion for

Default Judgment.  Defendants filed their Motion to Set Aside Default.  Accordingly, the two Motions are before the Court.

## II.   **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure governs default. Fed. R. Civ. P. 55. Pursuant to the Rule, the clerk must enter default against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Then a plaintiff may seek entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2). *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"A judgment setting aside the entry of default is within a district court's discretion . . . ." *Doe v. Hesketh, 828 F.3d 159*, 174 (3d Cir. 2016).  Generally, "entry of default judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 848 (D.N.J. 2008) (citing *Hritz v. Woma Corp., 732 F.2d 1178*, 1181 (3d Cir. 1984).  Therefore "a standard of 'liberality' rather than 'strictness' should be applied" when considering motions to set aside default. *Medunic v. Lederer*, 533 F.2d 891, 893–894 (3d. Cir. 1976) (*citing Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245–246 (3d. Cir. 1951).  The Third Circuit has instructed district courts to consider the following factors: " (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (alteration in original) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d. Cir. 1984)).

In assessing whether a plaintiff will be prejudiced, courts will determine if a plaintiff's ability to pursue its claim would be hindered by setting aside the default. *See Farnese*, 687 F.2d at 763; *see also Feliciano*, 691 F.2d at 656–657. Delay is rarely ever sufficient to demonstrate the

first factor. *See Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656-57 (3d Cir. 1982). "To show a meritorious defense, a plaintiff must assert defenses that would constitute a complete defense to the action." *World Entm't Inc. v. Brown,* 487 F. App'x 758, 761 (3d Cir. 2012).

However, courts in this Circuit "seem unwilling to deny the motion to set aside an entry of default solely on the basis that no meritorious defense exists." *Mike Rosen & Assocs.,* P.C. v. Omega Builders, Ltd., 940 F. Supp. 115, 121 (E.D. Pa. 1996). And finally, there must be a showing of 'willfulness' or 'bad faith' of a non-responding defendant, including "act[ing] intentionally . . . to avoid compliance with court notices"—it must be more than "mere negligence." *Hritz,* 732 F.2d at 1182–83.

## III.   DISCUSSION

As a preliminary matter, the Court finds that it has diversity jurisdiction over this matter under 28 U.S.C. § 1332, given that the parties are diverse and the value in dispute exceeds the jurisdictional minimum.

Turning to the Motions, the Court first considers whether Plaintiffs will suffer prejudice if the Motion to Set Aside Default is granted. Veitengruber argues Plaintiffs cannot allege any "viable prejudice" because the "facts and circumstances surrounding the events leading to this lawsuit are still of recent memory." Def. Mem. of Law at 6. Plaintiffs' Complaint was filed in January of 2022, and Veitengruber asserts that a significant amount of time has not elapsed. *Id.* Veitengruber further argues an award on the basis of default would "be a seriously extreme and unfair result," given the amount in damages the Plaintiffs are seeking. *Id.* Plaintiffs have not offered reasons for why setting aside the default would be prejudicial. Pls.' Resp. The Court agrees with Veitengruber. Accordingly, the Court finds that this factor weighs in favor of setting aside the entry of default.

Next, the Court considers whether Defendants have raised a meritorious defense. Plaintiffs put forth a negligence claim and a breach of contract claim against Veitengruber. (Compl. ¶¶ 4–5.) Veitengruber is not required to prove his case at this moment, but only to present facts, which if proven, would be a full defense to Plaintiffs' claims. *See Hritz*, 732 F.2d at 1181. After learning that Plaintiffs' property was sold, Veitengruber contacted his malpractice insurance carrier but was denied coverage due to untimely notice. (Def. Aff. ¶ 15.) Veitengruber argues that such denial is incorrect because he promptly notified them, and he will "file a motion" against his malpractice insurance carrier for wrongful denial of coverage and seek to have them added to this suit. (Def. Aff. ¶ 15.)

Veitengruber recognizes that his delay in filing a response to the Complaint is not ideal, but explains that he believed he would not have to file a *pro se* answer because pursuant to his insurance contract terms his malpractice insurance carrier would cover him. (Def. Aff. ¶ 16.) Thus, Veitengruber argues there is uncertainty concerning his liability for the harm alleged in the Complaint because Plaintiffs did not join other parties to which liability can be transferred. (Def. Mem. of Law at 3.) Further, Veitengruber states that there are reasons for the delay in carrying out the terms of the settlement agreement and that Plaintiffs have pleaded incorrect facts in their Complaint. *Id.*

The Court finds that Veitengruber's response does not provide a full defense to the substantive merits of Plaintiffs' Complaint, but merely explains the reasons for the delayed pleading. As a result, the Court finds that this factor weighs in favor of granting the entry of default.

Finally, the Court considers whether the default was a result of Defendants' culpable conduct. Veitengruber argues his conduct constitutes "excusable negligence" rather than "culpable behavior.[1]" under a Rule 60(b) standard. (Def. Mem. of Law at 3 (citing Fed. R. Civ. P. 60(b)).

Veitengruber argues that he has not intentionally ignored the pending lawsuit. Def. Mem. of Law p. 4. He asserts that, upon receipt of the Complaint, he called Plaintiffs' counsel and his malpractice insurance carrier. *Id.* Defendants further argue that the malpractice insurance carrier at the time of the alleged harm refuses to participate in this suit. *Id.* Plaintiffs argue that Veitengruber was properly served with the Summons and Complaint, and it is not Plaintiffs' obligation to join other parties who are not responsible. Pls.' Resp. at 5. Plaintiffs argue that Veitengruber's inaction for four months is an inexcusable amount of time. *Id.* A delay of four months may not be a model of diligence, but based on this alone the Court cannot find that Veitengruber is trying to evade the instant suit. Plaintiffs presented no evidence that would support a finding that Veitengruber acted willfully and in bad faith. The Court therefore does not find the Defendants' failure to respond was a result of their culpable conduct and as a result, this factor also weighs in favor of setting aside the entry of default.

After balancing the factors to determine if there is good cause to set aside the entry of default, and in light of the Third Circuit's preference that cases be decided on the merits, *Hritz*, 732 F.2d at 1181, the Court finds good cause to set aside the entry of default.

---

[1] As a procedural matter, the Court notes that Veitengruber incorrectly cites to the excusable neglect standard under Rule 60, which governs relief from a Judgment or Order. Fed. R. Civ. P. 60(b). Here, he seeks to merely vacate a default, which is controlled by Rule 55 and its "good cause" standard. Fed. R. Civ. P. 55(c). The Court therefore applies the latter, more lenient standard.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** Defendants' Motion to Set Aside Default. In light of the Court's decision to vacate the default, it will **DENY AS MOOT** Plaintiffs' Motion for Default Judgment. An appropriate Order will follow.

Date: **September 20, 2022**

<u>s/ Zahid N. Quraishi</u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
